### LEE RASBERRY V. THE STATE.

#### No. 3291. Decided November 4, 1914.

**1.—Theft of Cattle—Charge of Court—Objections.**

In the absence of exceptions to the introduction of testimony and to the charge of the court, the matter can not be reviewed.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to sustain a conviction, there was no reversible error. Davidson, Judge, dissenting.

Appeal from the District Court of Jones. Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of cattle, and his punishment assessed at two years confinement in the State penitentiary.

No exceptions were reserved to the introduction of testimony, no objections made to the charge of the court as given, and no special

charges requested. So the only question presented for review is the sufficiency of the testimony to sustain the conviction.

The testimony shows that J. W. Howell was manager of the O bar O ranch in Kent County; that a cow belonging to this company was found dead in the pasture where she had been killed by being shot. The cow was skinned and the two hind quarters taken, the remainder of the cow being left where killed. A number of witnesses testify to trailing a horse from this cow to appellant's house; the track of the horse was measured on the ground where the cow was killed, and this measurement exactly fitted the track of the left fore foot of appellant's horse. The track of a man was also measured where the cow was killed, and this measurement fitted the track made by appellant at the time of his arrest. Fresh beef was found in appellant's house, behind a wagon sheet, which witnesses swear were the hind quarters of a beef. Sheriff McCoombs testified that he measured the horse track and the man's track at the place where the cow was found; that in trailing the track to appellant's house he measured it twice more, and they were the same; that when he got to the house he says, "I took the measure and raised the foot of Rasberry's horse, and put the measure lengthwise to it, crosswise and across the cork. I first measured the right fore foot of that horse, and found that the measurement lengthwise and cross-wise was exactly right, but in measuring across the corks they were a little too narrow. Then I took up his left fore foot and measured it, and it was exactly correct with the measure. I do not know whether I measured the right foot or the left foot at the cow. The man's track fitted appellant's exactly."

Appellant offered no explanation of his possession of this beef at the time, but on this trial some witnesses testify that appellant had been given one hind quarter of a beef some ten days prior to the time the beef was found in his house by his brother-in-law. However, the witnesses for the State swear there was more than one hind quarter of a beef found at appellant's house, and that the beef found was fresh— not more than three or four days old at the outside. Mr. Bostick says as to the quantity of beef he found in Lee Rasberry's house, that it looked to be two quarters of beef cut up in the boxes. "I think there was more than one quarter." Appellant undertook to account for but one quarter ten days old, when all the witnesses say the beef found in appellant's house was only three or four days old. Under such circumstances we will not disturb the verdict.

The judgment is affirmed.                                    *Affirmed.*

DAVIDSON, JUDGE (dissenting).—I think the evidence too inconclusive and uncertain to meet the requisite rule of circumstantial evidence. The horse tracks did not fit; at least the witnesses say one track did and the other did not. Two hind quarters were taken—only one found at appellant's house, and this he proved by uncontradicted evidence was given him by his brother-in-law. The facts to render the citizen infamous ought to be more cogent than this record discloses.